IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| Superior Helicopter LLC<br>2794 Foothill Blvd.<br>Grants Pass, Oregon 97526<br><br>and<br><br>Rainier Heli-Lift, Inc.<br>12515 Willows Road NE, Suite 125<br>Kirkland, Washington 98034,<br><br>Plaintiffs<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 07-518C<br>(Lettow, J.) |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR A PRELIMINARY INJUNCTION AND DECLARATORY RELIEF AND IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

## I. INTRODUCTION

Defendant's Motion for Judgment Upon the Administrative Record and Opposition to Plaintiffs' Motion fails to satisfy the standards the Government must meet in order to defeat Plaintiffs' challenge to the July 9, 2007 Findings document in support of Defendant's decision to override the stay imposed by the Competition in Contracting Act. Defendant's continued failure to acknowledge the misrepresentation of facts before the Court must cause the Court to conclude that it was correct in determining, at the TRO hearing, that Defendant had been disingenuous in its override determination. And, Defendant has failed in its attempt to argue that Plaintiffs have not met the traditional criteria applied in cases involving injunctive relief.

For all of these reasons, the Court should grant Plaintiffs' motion for a preliminary injunction and declaratory relief.

## II. The Court's Review is Not Limited to The Administrative Record.

Defendant argues that "plaintiffs' attachment of affidavits and presentation of testimony at the TRO hearing with respect to the merits issue was improper" and also contends that "plaintiff's citations to statements at the TRO hearing by the witness offered by Superior, counsel and the Court should be ignored." Defendant's Motion, at 8, Fn. 4. Defendant contends that the Court is restricted to the Administrative Record ("AR"). In doing so, Defendant appears to ignore Appendix C of the Court's Rules, "Procedure in Procurement Cases Pursuant to 28 U.S.C. §1491(b)." Paragraph 10 of the Appendix states:

> An application for a temporary restraining order and/or preliminary injunction shall be filed with the clerk along with the complaint, unless the complaint has been previously filed. *The application shall be accompanied by affidavits, supporting memoranda, and other documents upon which plaintiff intends to rely.* (emphasis supplied).

Moreover, this Court has frequently considered affidavit evidence in connection with applications for injunctive relief. *See, e.g., Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705, 708, n. 4 (2006); *Cubic Applications, Inc. v. United States*, 37 Fed. Cl. 345, 350 (1997). In order to assist the Court and to remove any doubt, if any were to exist, Plaintiffs are filing, along with this submission, a Motion to Supplement the Administrative Record.

## III. Defendant's Findings Fail to Include All of the Evidence Necessary to Support a Rational Agency Decision.

As Plaintiffs have made quite clear from the outset of this litigation, the July 9 Findings document is flawed because it manipulated certain data and conveniently ignored other pertinent facts. This is especially troubling because an unwitting decision maker, faced solely with this document, and concerned about the urgency of the situation, might well fail to

conduct the kind of review that is normally expected of such a senior official. Defendant's Motion does nothing to rescue the Government from its errant path.

In this case, as Plaintiffs have said on several occasions, Plaintiffs do not challenge the Defendant's claims that the 2007 forest fire season is a busy one. Indeed, Plaintiffs concede that point. But Plaintiffs do challenge the Defendant's use of misleading and incomplete statistics to support its contention, made throughout the Findings document and compounded in Defendant's Motion, that Defendant would be unable to fill all of its helicopter needs without the "guarantee" of helicopter availability that Defendant contends it achieves through the Exclusive Use contracts awarded under the underlying procurement.

Defendant's Motion concedes that Superior, Rainier and Erickson, the three plaintiffs in this case, are all currently under contract with the U.S. Forest Service ("USFS"), along with other vendors, to provide helicopter services upon a "call-when-needed" ("CWN") basis. Defendant's July 9 Findings document, and Defendant's Motion, argue that the CWN coverage is not adequate because such contracts fail to provide the guarantee that an EU contract does. Defendant's Motion, at 6-7; AR Tab 2, Findings ¶¶ 9, 10 and 14. As Mr. Andy Mills testified at the TRO hearing, however, the Findings document failed to provide the full story behind the headlines. For example, by citing statistics from the "beginning" of the 2006 fire season, the Defendant deliberately used a figure that was reflective of a point in time when the 2006 season was just starting, knowing full well, but failing to note, that by mid-July the number of available helicopters is always much larger. First Affidavit of Richard L. Larew, ¶ 8(d); First Affidavit of Andrew Mills, ¶ 13(d); testimony of Andrew Mills at TRO hearing, Transcript from TRO Hearing ("TR") at 44, 99-100. In addition, Mr. Mills testified, and is prepared to testify again, about the measures that helicopter contractors take to ensure that their equipment is properly placed so that they can be called on by the USFS and can respond immediately. TR at 42-44. In

view of the fact that the U.S. fire season is relatively short in duration, it is not surprising that companies like Superior and Rainier will do whatever they can to maximize their revenues. Mr. Mills' testimony simply underscores the fact that this profit incentive actually inures to the Defendant's benefit because it minimizes the number of situations that a helicopter is not available. *Id.* at 43.

## IV. Plaintiffs Must Prevail Under the Four Criteria that the Court Must Weigh.

Plaintiffs must satisfy four criteria in order to obtain the preliminary injunction they have requested. Plaintiffs must demonstrate: (a) a likelihood of success on the merits; (b) the harm to the Plaintiffs outweighs the harm to the defendant; (c) the public interest is served by enjoining defendant; and (d) plaintiff will be irreparably harmed if the defendant is not enjoined. *Delbert Wheeler Constr., Inc. v. United States*, 39 Fed. Cl. 239, 251 (1997), *aff'd*, 155 F.3d 566 (Fed. Cir. 1998). No one factor is dispositive to the Court's inquiry because the "weakness of the showing regarding one factor may be overborne by the strength of the others." *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993). Defendant's Motion fails to establish that Plaintiffs have not satisfied these criteria.

### A. Plaintiffs Have a Strong Likelihood of Success on the Merits.

With respect to Plaintiffs' likelihood of success on the merits, this Court has recently articulated four factors that an agency official must consider in making a CICA override determination. Those factors were spelled out in *Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705 (2006). Under *Reilly's*, an agency override will not be upheld unless the agency official considered: (1) whether significant adverse consequences will necessarily occur if the stay is not overridden; (2) conversely, whether reasonable alternatives to the override exist that would adequately address the circumstances presented; (3) how the potential cost of proceeding with the override, including the costs associated with the potential that the GAO might sustain

the protest, compare to the benefits associated with the approach being considered for addressing the agency's needs; and (4) the impact of the override on competition and the integrity of the procurement system, as reflected in the Competition in Contracting Act. *Id.* at 711. In their initial memorandum of points and authorities in support of Plaintiffs' application for a TRO, Plaintiffs cited *Reilly's* and demonstrated that Defendant failed to satisfy the *Reilly's* criteria.

Curiously, Defendant's Motion mentions *Reilly's* only in connection with Defendant's contention that declaratory relief is not appropriate in this matter, perhaps because Defendant knows very well that it cannot satisfy the *Reilly's* test with respect to the validity of the override determination. As Plaintiffs demonstrated in their initial filings, and have continued to demonstrate, the Defendant cannot satisfy the first criterion because no adverse consequences will occur if the stay remains in place. Indeed, the Court recognized this very fact at the TRO hearing:

> It appears when I say disingenuousness, that emphasis on guarantee I don't think it's going to provide any more resources at all to the Forest Service. And there's the circumstance that it just appears to be a desire for the Forest Service to shift ground, to in essence draw more from the EU provision rather than the CWN provision, that that's driving it.

TR at 120-121.

Significantly, neither the administrative record nor the Government's brief denies the accuracy of that statement, or offers a single piece of evidence to refute it. The same helicopters are under contract and available to the USFS with and without the exclusive use contracts!

Although the Findings document did mention adverse consequences, they were based on misleading or incomplete statistics. Unfortunately, Defendant continues to resort to such

statistics in an effort to persuade this Court. For example, at page 17 of its Motion, Defendant states: "USFS also found that only approximately 40 percent of the Type I and Type II helicopters were available for CWN firefighting as of the date of the override, further underscoring that the total number in the available pool can change." In fact, the Findings document contained no such finding. The only reference to 40 percent was the USFS's claim, at ¶ 12(b) of the Findings document, that "only about 40%" of the 241 helicopters under CWN contracts at the beginning of the 2006 fire season were actually available to the USFS." (emphasis added).

Defendant's Motion attempts to contend that it had no reasonable alternative to the override, thus striving, without so stating, to satisfy the second *Reilly's* criterion, but that effort also falls woefully short of the mark. In earlier filings and in testimony at the TRO hearing, Plaintiffs demonstrated that the CWN contracts provide a superb backup plan for the USFS. TR, at 45-54; First Mills Affidavit, ¶¶ 13 and 14; First Larew Affidavit, ¶¶ 8-11. In response, Defendant relies heavily on AR Tab 5 ("UTF Report") which, according to Defendant, shows that as of the day the Findings document was signed, July 9, 2007, the USFS was unable to fill numerous orders using its preexisting contractual arrangements. Defendant's Motion, at 18. As the attached Second Affidavit of Andrew Mills explains, however, the UTF Report in and of itself does not tell the entire story. First, and as stated by Mr. Lannis Allmaras in his second declaration in support of Erickson's Motion, the type of UTF report at Tab 5 can vary by day and hour, so one report in isolation does not provide the comprehensive type of information that ought to be reviewed in connection with an override determination. Second Allmaras Declaration, ¶ 5. Second, we have attached as Exhibit 1 to Mr. Mills' Second Affidavit a copy of the Incident Management Situation Report issued by the USFS's National Interagency Coordination Center for July 9, 2007, the same day that the Findings document was executed.

That document shows that there were 60 helicopters in service fighting fires that very day. As Mr. Mills makes clear, there are many reasons other than aircraft unavailability that an order might be unfilled at a given point in time. Second Mills Affidavit, ¶ 6). Once again, however, the Findings document does not acknowledge that very real fact of life. Perhaps most significantly, there is absolutely no evidence in the record that the Acting Chief of the USFS was aware of, much less reviewed, this report when he executed the Findings document. The fact that the Findings document did not mention, much less rely upon, the UTF Report strongly suggests that the document lacks any real significance in terms of the USFS's ability to obtain helicopter resources at any given time. And finally, the fact remains unrefuted that the award of the exclusive use contracts did not and will not add a single helicopter to the cadre of helicopters to which the USFS has access.

We have addressed the third *Reilly's* factor in our prior filings and need not repeat our arguments here. We note, however, that Defendant concedes that a reversal by the GAO would not-adversely affect Defendant's: "Moreover, even in the event of a reversal at GAO, assuming that USFS terminates the new, exclusive use contracts for convenience, it would not suffer a disruption to its work practices other than the return to the CWN arrangement." Defendant's Motion, at 19. While Plaintiffs believe that this statement constitutes an admission against interest, in that it acknowledges that the CWN contracts are in place and available to the USFS, it also demonstrates an astonishing lack of understanding of the time and expense that would be associated with the convenience termination of numerous contracts. Clearly, this factor did not cross the mind of the Acting Chief of the Forest Service.

Finally, the Findings document was silent on the impact that the override will have on the competition and on the integrity of the procurement process, and Defendant's Motion offers no additional support. Thus, Defendant has made no showing whatsoever that the USFS's

Findings complied with the *Reilly's* standards. As a result, this Court must conclude that Plaintiffs have a very strong likelihood of prevailing on the merits. *Id.*

**B. The Balancing of Harms Favors the Plaintiffs.**

As indicated in Plaintiffs' earlier filings and at the TRO hearing, the balancing of harms test that this Court must apply clearly favors the Plaintiffs. If the override remains in place, Plaintiffs will be denied the opportunity to be awarded the Exclusive-Use contracts that underlie this controversy. Even if Plaintiffs prevail at the GAO in early October, most of the work available under the Exclusive-Use contracts will have been performed, and this opportunity will have been lost forever. Defendant acknowledges this fact. Defendant's Motion, at 24-25.

This Court has long recognized that a lost opportunity to compete constitutes irreparable harm. *See, e.g, Reilly's, supra*, at 717. On the other hand, the Defendant has admitted that it has the CWN contracts available if it must terminate the new EU contracts, and it has shown no concern whatsoever for the costs that might be associated with such an event. Defendant's Motion, at 19. Defendant claims that the issuance of a stay will harm it because it will "serve to deprive USFS of most or all of the services on the exclusive use contracts." *Id.* at 24. In attempting to deflect the Plaintiffs' argument that the USFS will still have the CWN contracts to fall back on, Defendant asserts that the risk to third parties is too great this fire season and that the EU contracts must continue because of that risk. *Id.* at 24-25. Its support for the alleged risk to third parties is the evidence cited in the Findings document, at ¶ 11, that there is significant fire potential this season. Once again, however, the Defendant does not show how using the EU contracts, and other pre-existing contracts, rather than its CWN contracts will enable the USFS to address that risk in a better way. Finally, in an effort to show the harm it will suffer if the Court grants Plaintiffs' motion, Defendant concludes with the statement that

"USFS's findings and record show that this particular season has been particularly difficult in retaining sufficient numbers of CWN helicopters." *Id.* at 26. There is nothing in the record to support that statement. In fact, the record shows quite the opposite. For example, the July 9 NICC Situation Report showed that 60 helicopters were in the air fighting fires that very day. Second Mills Affidavit, ¶ 8). In sum, the balancing of harms test clearly favors the Plaintiffs in this case. If the preliminary injunction is granted, the USFS has adequate aircraft resources under its CWN contracts, and under other pre-existing contracts, to deal with the 2007 fire season.

**C. The Public Interest Favors Granting A Preliminary Injunction.**

Defendant argues that the public interest will be served by denying Plaintiffs' motion because it would increase public safety "by having a guaranteed source of helicopters available for a national fire strategy." (emphasis in original). *Id.* at 26. At the TRO hearing, the Court quite properly expressed concern about the disingenuousness of the agency's findings with respect to the need for a guarantee of resources, TR at 120-121, and Plaintiffs share that concern. The fact is that the so-called "guarantee" does not add a single contractor or helicopter to the USFS's resources, so the impact on the public's safety is nil. Under such circumstances, the Court must ignore the agency's contentions and focus instead on the threat to the integrity of the public procurement process that exists when an agency attempts to evade a statutory requirement—the CICA stay—by conjuring up alleged risks that simply do not exist.

**D. Plaintiffs Will Suffer Irreparable harm if the Stay is not Granted.**

Defendant correctly notes that Plaintiffs have not lost any work opportunities with the USFS since the imposition of the override. Defendant's Motion, at 23. From this, Defendant concludes that "[a]ny claim that plaintiffs have been, or will be, harmed by the stay is mere speculation." *Id.* Defendant ignores the essence of Plaintiffs' contentions. While the fire season

to date has been such that Plaintiffs' aircraft have been fully utilized, any decrease in that activity, such as by an increase in rainfall in some areas, which has occurred frequently in the recent past, will result in the USFS moving quickly and directly to replace as many CWN helicopters as possible with EU helicopters. TR, at 24-27; First Mills Affidavit, ¶ 18; Larew Affidavit, ¶ 12. The fact that it has not happened yet does not make it speculative – the USFS has done this before, and its recent public comments demonstrate that it will do so again. TR, pp. 62-67; First Mills Affidavit, ¶ 18. We have demonstrated, above, that such loss of business would constitute irreparable harm to Plaintiffs, and the Court must be mindful of that harm as it weighs this important factor.

## III. CONCLUSION

For the reasons stated above, and in our earlier submissions, Plaintiffs have demonstrated that they have met the criteria for obtaining a preliminary injunction, and Plaintiffs respectfully request this Court to grant that relief.

Respectfully submitted,

Gilbert J. Ginsburg
Attorney of Record for Plaintiffs
1250 24th Street, N.W.
Suite 350
Washington, D.C. 20037
Phone: (202) 776-7772
Fax: (202) 776-7773
Email: gilgins@aol.com

Of Counsel:

Timothy Sullivan
Katherine S. Nucci
Thompson Coburn LLP
1909 K St., N.W.
Suite 600
Washington, D.C 20006
Phone: (202) 585-6900
Fax: (202) 508-1028

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**BID PROTEST**

| | |
|---|---|
| Superior Helicopter LLC<br>2794 Foothill Blvd.<br>Grants Pass, Oregon 97526<br><br>and<br><br>Rainier Heli-Lift, Inc.<br>12515 Willows Road NE, Suite 125<br>Kirkland, Washington 98034,<br><br>Plaintiffs<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. 07-518C<br>(Lettow, J.) |

**SECOND AFFIDAVIT OF ANDREW MILLS**

ANDREW MILLS, being duly sworn, deposes and says:

1. I have reviewed my first Affidavit in this matter, and I confirm all of the statements that I made in that document. The purpose of this second affidavit is to comment on Tab 5 in the Administrative Report, a document I had not seen at the time I made my first affidavit or at the time I testified before the Court on July 12, 2007.

2. Tab 5 of the Administrative Report is a "UTF Count Report." According to the USFS, this report shows the number of unfilled helicopter orders on that particular date, July 9, 2007. As I understand the report, it was run at 3:37 p.m. Central Standard Time on that date.

3. According to the Brief filed by the Government on August 2, this report shows that the USFS "conducted a database search of its request for Type I and Type II helicopters, and counted the 2007 orders that it was unable to fill ("UTF")." The Government Brief indicates that this report shows the number of orders for standard helicopters that it was unable to fill "during the period of the search." I take that to mean the period ending on July 9 although the time period actually encompassed by the UTF report is not specified by the Brief.

4. In my experience with the USFS, it is unusual that an order goes unfilled for an extended period of time so it is unlikely that the UTF Report at Tab 5 represents cumulative unfilled orders from January 1 to July 9, 2007.

5. It is more likely that these UTF reports represent nothing more than a snapshot of the way things are at a particular moment in time. In this case, for example, at 3:37 CDT on July 9, 2007, there were 27 unfilled orders. Two hours or a day later the number might be different because the firefighting season is one in which situations change every day, and sometimes several times a day, based on things like changes in wind, moisture fronts, lightning events, maintenance on aircraft, and USFS staffing capability on the fire. These UTF reports will vary based on when they are run, and that is to be expected. Additionally, the DOJ Brief states that this report is for " 2007 orders that it was unable to fill (UTF)". If this report is actually UTF orders for all of 2007 up to July 9th, then the report becomes virtually insignificant against the backdrop of probably hundreds of resource orders put in during the same time frame. Either on a year-to-date or daily basis, this report on its own is not useful or statistically significant.

6. In my experience working with the USFS, there can be a variety of reasons why an order is unfilled, and it is not always because no contractor or aircraft is available. For example, aircraft frequently are grounded for maintenance for a day or so, and an order will sit unfilled in the meantime. Then the order is filled when the aircraft becomes available again, usually in a short time frame. In addition, sometimes the USFS's geographic controller knows that an aircraft is going to come off another fire, and the controller will wait until that happens before re-assigning it to a new order because it might be the closest piece of equipment to the new fire. Moreover, I have witnessed several situations where the helicopter and crew are ready to go and available but the USFS does not assign it to an outstanding resource order because the USFS aircraft manager that must accompany each Type 1 helicopter is not yet available. Further, resource orders might show as unfilled or outstanding immediately following the submission of the order by a fire manager, then be cancelled a day or two later before it is filled when it is deemed unnecessary (for example, when rainfall eliminates the need for the aircraft). The point is that there are many reasons other than aircraft unavailability that might explain the number of unfilled orders on any given day. The UTF report does not provide any of this background information, and this UTF report is not meaningful without knowing exactly why the orders are unfilled, or how many total resource orders are filled during the same time frame.

7. As a management tool, the UTF report is of limited use because it only provides one piece of a much larger puzzle. By comparison, I have attached a copy of the "Incident Management Situation Report" for July 9, 2007, issued by the USFS's National Interagency Coordination Center. This report was issued at 5:30 a.m. Mountain Daylight Time on the same day that the UTF report at AR Tab 5 was issued. Instead of focusing on unfilled orders, this report shows where all of the fires are, their size and intensity, the number of personnel at the site, and other things an experienced manager would want to know, including the number of helicopters at each site. By adding the figures in the "Heli" columns from each of the charts in this report, a manager would see that 60 helicopters were fighting fires on that day.

8. I have reviewed the Government's Brief, and I understand that the Government's position is that all of our harm arguments are "speculative." In my experience, however, as soon as fire conditions moderate slightly the USFS will move as quickly as possible to replace our CWN helicopters with Exclusive Use helicopters if the agency is given that opportunity. They have done it before, and I have no doubt that they will do it again, primarily because it is likely to save the Government money and justifies their contracting of Exclusive Use aircraft.

And Further Affiant Saith Not.

[signature]
Andrew Mills

STATE OF OREGON )
)
CITY/COUNTY OF Josephine )

Subscribed and sworn to before me this 6 day of August, 2007.

Connie Boehm
Notary Public

My Commission Expires: 5-27-2010

OFFICIAL SEAL
CONNIE BOEHM
NOTARY PUBLIC - OREGON
COMMISSION NO. 404053
MY COMMISSION EXPIRES MAY 27, 2010

Exhibit 1

**National Interagency Coordination Center**
**Incident Management Situation Report**
**Monday, July 9, 2007 - 0530 MDT**
**National Preparedness Level 4**

**National Fire Activity**

| | |
|---|---|
| Initial attack activity: | Moderate (245 new fires) |
| New large fires: | 7 (*) |
| Large fires contained: | 11 |
| Uncontained large fires: | 41 |
| Area Command Teams committed: | |
| NIMOs committed: | |
| Type 1 IMTs committed: | 6 |
| Type 2 IMTs committed: | 14 |
| Fire Use Teams committed: | 2 |

** Uncontained large fires do not include WFU or confine/contain incidents. **

**Eastern Great Basin Area (PL 5)**

| | |
|---|---|
| New fires: | 25 |
| New large fires: | 2 |
| Uncontained large fires: | 12 |
| Type 1 IMTs committed: | 2 |
| Type 2 IMTs committed: | 2 |
| Fire Use Teams committed: | 1 |

**Mathis**, Southeast Area, Utah State Division of Forestry Fire & State Lands. IMT 2 (Harvey). Nine miles north of Price, UT. Grass, juniper and timber. Extreme fire behavior. Coal mines, methane gas wells, and numerous residences threatened.

**Milford Flat**, Southwest Area, Utah State Division of Forestry Fire & State Lands. IMT 1 (Muir). Three miles north of Milford, UT. Grass, brush and juniper. Plume dominated fire behavior with running and spotting. Numerous structures, a natural gas pipeline and geo-thermal power plant threatened. Intermittent closures of Interstates 15 and 70.

**Black Pine 2**, Sawtooth NF. IMT 2 (Grant). Started on private land eleven miles southeast of Malta, ID. Grass and brush. Active fire behavior with rapid rates of spread. Structures threatened.

**Warm Springs**, Payette NF. IMT 2 ordered. Previously reported Spring fire merged with Warm Springs fire. Four miles north of Weiser, ID. Grass and timber. Running. Structures threatened.

**Tongue Complex** (three fires), Boise District, BLM. Includes previously reported Crutcher, Red Canyon and Bald Mountain fires. Forty-five miles south of Silver City, ID. Brush, grass and juniper. Active fire behavior with some runs and spotting. Structures threatened.

**Neola North**, Uintah and Ouray Agency, BIA. IMT 1 (Martin). Three miles north of Neola, UT. Brush and timber. Running and limited torching. Municipal watershed remains threatened.

**Jim Sage**, Twin Falls District, BLM. Eight miles southwest of Malta, ID. Grass and brush. Active fire behavior with rapid growth.

**Boulder Creek,** Boise District, BLM. Eight miles south of Silver City, ID. Grass, brush and juniper. Running. Structures threatened.

**Black Rock Gulch**, Arizona Strip Field Office, BLM. IMT 2 (Lund). Thirty miles south of St. George, UT. Timber litter and grass. Short crown fire runs and spotting. Communications site and structures remain threatened.

**Jungle,** Manti-Lasal NF. FUMT (Ourada/Soper). Thirteen miles west of Ferron, UT. Timber litter. Isolated interior torching. Residences remain threatened. Reduction in acreage due to more accurate mapping.

**Crater**, Eastern Idaho Area Office, Idaho Department of Lands. Fifteen miles northwest of Ashton, ID. Brush and slash. Extreme fire behavior.

**Red Bridge**, Twin Falls District, BLM. Ten miles south of Shoshone, ID. Grass and brush. Minimal fire activity.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Mathis | UT | SES | 1,200 | 700 | 5 | UNK | 101 | 25 | 3 | 9 | 2 | 0 | 450K | ST |
| Milford Flat | UT | SWS | 282,287 | 127,287 | NR | UNK | 152 | 43 | 4 | 9 | 0 | 2 | NR | ST |
| Black Pine 2 | ID | STF | 44,982 | 23,107 | 5 | 7/16 | 107 | 57 | 2 | 12 | 0 | 0 | NR | FS |
| Warm Springs | ID | PAF | 28,000 | 13,000 | 20 | 7/12 | 92 | 44 | 1 | 12 | 0 | 0 | 10K | FS |
| * Tongue Complex | ID | BOD | 16,200 | --- | 5 | UNK | 14 | --- | 0 | 0 | 1 | 0 | NR | BOD |
| Neola North | UT | UOA | 43,511 | 872 | 65 | UNK | 744 | -101 | 18 | 29 | 7 | 36 | 6.3M | BIA |
| Jim Sage | ID | TFD | 5,280 | 4,680 | 40 | 7/10 | 33 | 19 | 0 | 7 | 0 | 0 | NR | BLM |
| Boulder Creek | ID | BOD | 6,437 | 3,437 | 50 | 7/11 | 132 | 6 | 4 | 10 | 0 | 0 | NR | BLM |
| Black Rock Gulch | AZ | ASD | 8,221 | 1,221 | 10 | UNK | 230 | 110 | 6 | 3 | 1 | 1 | 300K | BLM |
| Jungle | UT | MLF | 5,066 | -84 | 85 | 7/9 | 130 | -48 | 3 | 4 | 2 | 0 | 602K | FS |
| * Crater | ID | EIS | 800 | --- | 0 | UNK | 32 | --- | 0 | 6 | 0 | 0 | NR | ST |
| Red Bridge | ID | TFD | 45,389 | 0 | 90 | 7/9 | 10 | -141 | 0 | 2 | 0 | 5 | 300K | BLM |

**Western Great Basin Area (PL 5)**

| | |
|---|---|
| New fires: | 2 |
| New large fires: | 1 |
| Uncontained large fires: | 6 |
| Type 1 IMTs committed: | 2 |
| Type 2 IMTs committed: | 1 |

**Highway 93 Complex** (two fires), Elko Field Office, BLM. IMT 1 (Broyles). Five miles southeast of Jackpot, NV. Includes previously reported Eccles and West Basin fires. Brush and grass. Running and spotting. Structures remain threatened.

**Thomas**, Winnemucca Field Office, BLM. IMT 1 (Opliger). Two miles southwest of Winnemucca, NV. Brush and grass. Rapid rates of spread. Numerous structures remain threatened. Road closures and evacuation order have been lifted. Reduction in acreage due to more accurate mapping.

**Tungsten**, Winnemucca Field Office, BLM. IMT 2 (Kaage). Three miles north of Imlay, NV. Brush and grass. Moderate fire behavior. Structures and railroad infrastructure remain threatened. Closure in effect for portion of Interstate 80.

**Adrian 1,** Carson City Field Office, BLM. Twenty-two miles east of Carson City, NV. Grass. Running fire behavior.

**Lampson**, Humboldt-Toiyabe NF. Twenty-four miles southeast of Ely, NV. Brush and grass. Torching and smoldering.

**Hungry Valley**, Carson City Field Office, BLM. Five miles northeast of Reno, NV. Grass. Single tree torching and smoldering. Reduction in acreage due to more accurate mapping.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| * Highway 93 Complex | NV | EKD | 59,000 | --- | 10 | --- | 169 | --- | 2 | 12 | 2 | 0 | NR | BLM |
| Thomas | NV | WID | 20,500 | -4,500 | 10 | UNK | 132 | 0 | 2 | 23 | 1 | 9 | NR | BLM |
| Tungsten | NV | WID | 58,000 | 8,000 | 20 | UNK | 86 | 71 | 3 | 4 | 0 | 1 | NR | BLM |
| Adrian 1 | NV | CCD | 15,000 | 12,600 | 15 | 7/13 | 150 | 149 | 4 | 3 | 2 | 0 | NR | BLM |
| Lampson | NV | ELD | 1,200 | 0 | 80 | 7/10 | 90 | 69 | 2 | 8 | 0 | 0 | 60K | BLM |
| Hungry Valley | NV | CCD | 540 | -360 | 90 | UNK | 135 | -22 | 4 | 6 | 0 | 0 | 165K | BLM |
| MM 288 | NV | EKD | 2,195 | 1,295 | 100 | --- | 62 | -4 | 3 | 5 | 0 | 0 | NR | BLM |
| Harrison | NV | HTF | 577 | --- | 100 | --- | 34 | -38 | 1 | 3 | 0 | 0 | NR | FS |

HTF – Humboldt-Toiyabe NF

**Northwest Area (PL 2)**

| | |
|---|---|
| New fires: | 24 |
| New large fires: | 2 |
| Uncontained large fires: | 7 |
| Type 2 IMTs committed: | 4 |

**Egley Complex** (six fires), Burns Fire Zone, Malheur NF. IMT 2 (Paul). Ten miles north of Riley, OR. Timber litter. Moderate fire behavior. Numerous structures threatened. Evacuations and road closures in effect.

**Calamity Complex** (six fires), Malheur NF. IMT 2 (West). Sixteen miles southeast of Seneca, OR. Timber and grass. Running with spotting. Structures remain threatened.

**Clark Butte**, Vale District, BLM. Twenty miles west of Jordan Valley, OR. Grass. Extreme fire behavior with running. Residences threatened.

**Little Chopaka**, Spokane District, BLM. Washington IMT 2 (Holloway). Five miles west of Oroville, WA. Brush and grass. Creeping and isolated short runs. Structures threatened.

**Ironside Complex** (five fires), Vale District, BLM. IMT 2 (Batten). Ten miles southwest of Ironside, OR. Includes previously reported Jim Lee, Westfall, and Ironside fires. Timber litter. Spotting, torching and backing fire.

**Bartlett Mountain**, Burns District, BLM. Thirty-seven miles northeast of Burns, OR. Brush and grass. Interior torching and flare-ups. Structures remain threatened. Reduction in acreage due to more accurate mapping.

**Millican East**, Prineville District, BLM. Twenty-four miles south of Prineville, OR. Grass. Moderate fire activity with torching. Structures and major power lines threatened.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Egley Complex | OR | BFZ | 11,305 | 8,305 | 0 | UNK | 295 | 112 | 7 | 18 | 1 | 0 | NR | FS |
| Calamity Complex | OR | MAF | 1,800 | 800 | 0 | UNK | 110 | 41 | 4 | 13 | 3 | 0 | NR | FS |
| Clark Butte | OR | VAD | 40,000 | 19,000 | 40 | 7/10 | 199 | 114 | 6 | 19 | 1 | 0 | NR | BLM |
| Little Chopaka | WA | SPD | 1,600 | 600 | 25 | UNK | 254 | 104 | 11 | 7 | 0 | 0 | 160K | BLM |
| * Ironside Complex | OR | VAD | 1,365 | --- | 0 | UNK | 274 | --- | 8 | 14 | 2 | 0 | 181K | BLM |
| Bartlett Mountain | OR | BUD | 2,200 | -17,800 | 60 | 7/10 | 63 | -20 | 1 | 11 | 1 | 0 | NR | BLM |
| Millican East | OR | PRD | 2,420 | 1,780 | 50 | 7/15 | 93 | 35 | 3 | 9 | 0 | 0 | NR | BLM |
| Round Top Butte | OR | BUD | 9,870 | 0 | 100 | --- | 3 | -154 | 0 | 1 | 0 | 0 | NR | BLM |
| Saddle Butte | OR | VAD | 5,500 | 3,100 | 100 | --- | 2 | -14 | 0 | 1 | 0 | 0 | NR | BLM |
| Delta | WA | CBR | 315 | -10 | 100 | --- | 8 | -47 | 0 | 2 | 0 | 0 | 62K | FWS |
| * Harris Creek | OR | VAD | 300 | --- | 100 | --- | 0 | --- | 0 | 0 | 0 | 0 | NR | BLM |

CBR – Columbia NWR

**Southwest Area (PL 4)**

New fires: 38
New large fires: 1
Uncontained large fires: 5
Type 2 IMTs committed: 4

**Alambre**, Papago Agency, BIA. IMT 2 (Raley). Twelve miles east of Sells, AZ. Brush and grass. Running and backing fire. Archeological and historical sites threatened. Evacuations in effect.

**Birdie**, Coconino NF. IMT 2 (Sciacca). Twelve miles south of Flagstaff, AZ. Timber litter. Extreme fire behavior with spotting. Numerous structures remain threatened, and evacuations remain in effect.

**Slide**, Kalibab NF. IMT 2 (Reinarz). Twenty miles southeast of Fredonia, AZ. Grass. Minimal fire behavior.

**Chitty**, Apache-Sitgreaves NF. Arizona IMT 2 (Joki). Six miles southwest of Hannagan Meadow, AZ. Timber. Minimal fire activity.

**Rattlesnake**, Chama District, New Mexico State Forestry. Ten miles east of Cedar Hill, NM. Brush and grass. Minimal fire activity. Oil and gas well infrastructure threatened. No new information.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| * Alambre | AZ | PPA | 3,228 | --- | 0 | 7/22 | 216 | --- | 8 | 7 | 1 | 0 | 300K | BIA |
| Birdie | AZ | COF | 1,500 | 600 | 0 | 7/15 | 376 | 109 | 12 | 11 | 4 | 0 | 400K | FS |
| Slide | AZ | KNF | 6,000 | 0 | 40 | 7/10 | 306 | 61 | 5 | 12 | 3 | 0 | 700K | FS |
| Chitty | AZ | ASF | 14,200 | 0 | 75 | 7/30 | 149 | -92 | 3 | 4 | 1 | 0 | 1.7M | FS |
| Rattlesnake | NM | N1S | 203 | --- | 95 | UNK | 44 | --- | 1 | 3 | 0 | 0 | 400K | ST |
| Oak Ridge 3 | AZ | NAA | 2,780 | 0 | 100 | --- | 40 | -228 | 2 | 3 | 1 | 2 | 1.4M | BIA |

**Rocky Mountain Area (PL 2)**

| | |
|---|---|
| New fires: | 35 |
| New large fires: | 1 |
| Uncontained large fires: | 4 |
| Type 2 IMTs committed: | 2 |

**Alabaugh**, South Dakota DOF. South Dakota IMT 2 (Lowe). Three miles southwest of Hot Springs, SD. Timber and grass. Crowning and spotting. Numerous structures and power lines threatened. Evacuations in effect.

**Stampede**, Pine Ridge Agency, BIA. Eight miles west of Pine Ridge, SD. Timber and grass. Creeping. Residences remain threatened.

**Seminoe**, Rawlins Field Office – South Zone, BLM. Six miles east of Seminoe Dam, WY. Brush and beetle kill pine. Torching and backing. Structures threatened.

**East Fork**, Wind River Agency, BIA. IMT 2 (Angell). Twenty-eight miles northeast of Dubois, WY. Timber litter. Smoldering.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| * Alabaugh | SD | SDS | 4,890 | --- | 20 | 7/12 | 268 | --- | 5 | 43 | 0 | 77 | 360K | ST |
| Stampede | SD | PRA | 23,000 | 21,000 | 35 | 7/9 | 75 | 57 | 0 | 16 | 0 | 2 | 500K | BIA |
| Seminoe | WY | RAD | 250 | 125 | 20 | 7/10 | 123 | 114 | 5 | 5 | 2 | 0 | 50K | BLM |
| East Fork | WY | WRA | 309 | 9 | 45 | 7/10 | 174 | 67 | 4 | 7 | 2 | 0 | 200K | BIA |
| Citadel | WY | SHF | 2,004 | 0 | 100 | --- | 89 | -104 | 1 | 1 | 1 | 0 | 1.9M | FS |
| Holms Mesa | CO | GFX | 186 | 0 | 100 | --- | 48 | -39 | 1 | 4 | 0 | 1 | 185K | CNTY |

SHF – Shochone NF GFX – Garfield County, C&L

**Southern California Area (PL 3)**

| | |
|---|---|
| New fires: | 27 |
| New large fires: | 0 |
| Uncontained large fires: | 2 |
| Type 1 IMT committed: | 1 |
| Type 2 IMT committed: | 1 |

**Inyo Complex** (two fires), Inyo NF. IMT 2 (Fiorella). Four miles northwest of Independence, CA. Brush, grass and timber. Extreme fire behavior. Numerous structures threatened.

**Zaca,** Santa Barbara County FD. CDF IMT 1 (Windsor). Fifteen miles northeast of Buellton, CA. Chaparral. Running. Residences threatened.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Inyo Complex | CA | INF | 33,973 | 19,973 | 15 | UNK | 863 | 752 | 22 | 139 | 0 | 3 | 650K | FS |
| Zaca | CA | SBC | 8,200 | 700 | 30 | 7/22 | 1,757 | 220 | 44 | 117 | 2 | 0 | 5.9M | CNTY |
| Canyon | CA | LAC | 815 | 215 | 100 | --- | 167 | -283 | 7 | 9 | 0 | 0 | 500K | CNTY |

LAC – Los Angeles County FD

**Northern California Area (PL 2)**

| | |
|---|---|
| New fires: | 32 |
| New large fires: | 0 |
| Uncontained large fires: | 1 |
| Type 1 IMTs committed: | 1 |

**Antelope Complex**, Plumas NF. IMT 1 (Pincha-Tulley). Twenty miles northeast of Quincy, CA. Timber. Active fire behavior with torching. Residences remain threatened. Mandatory evacuations remain in effect.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Antelope Complex | CA | PNF | 18,100 | 3,400 | 21 | UNK | 1,333 | 816 | 36 | 99 | 9 | 0 | 900K | FS |

**Northern Rockies Area (PL 2)**

| | |
|---|---|
| New fires: | 37 |
| New large fires: | 0 |
| Uncontained large fires: | 0 |
| Fire Use Teams committed: | 1 |

**Fool Creek**, Lewis and Clark NF. FUMT (Svalberg). Thirty miles northwest of Choteau, MT. Timber litter. Torching and spotting. Outbuildings remain threatened.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fool Creek - WFU | MT | LCF | 3,800 | 643 | N/A | N/A | 48 | 3 | 0 | 0 | 2 | 0 | 139K | FS |

**Alaska Area (PL 2)**

New fires: 1
New large fires: 0
Uncontained large fires: 4

**Jordan Creek**, Tanana Zone, BLM. Started on state land 25 miles northeast of Tanana, AK. Timber litter. Minimal fire activity.

**Big Creek,** Galena Zone, BLM. Ten miles southeast of Ruby, AK. Tundra and black spruce. Torching and creeping.

**Applegate Creek,** Tanana Zone, BLM. Started on state land sixty-three miles northwest of Fairbanks, AK. Brush and black spruce. No new information.

**Boney Creek**, Tanana Zone, BLM. Started on BIA land ten miles southwest of Tanana, AK. Brush. Creeping and smoldering.

| Incident Name | St | Unit | Size | Size Chge 24 Hrs | % CTN | Est Ctn | Totl Pers | Pers Chge 24 Hrs | Crw | Eng | Heli | Strc Lost | $$$ CTD | Origin Own |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Jordan Creek | AK | TAD | 11,280 | --- | 0 | 9/30 | 10 | --- | 1 | 0 | 0 | 0 | NR | ST |
| Big Creek | AK | GAD | 3,379 | 379 | 10 | UNK | 143 | 143 | 8 | 0 | 3 | 0 | NR | BLM |
| Applegate Creek | AK | TAD | 2,088 | --- | 0 | 9/30 | 9 | --- | 0 | 2 | 1 | 0 | NR | ST |
| Boney Creek | AK | TAD | 700 | --- | 75 | UNK | 98 | --- | 5 | 0 | 1 | 0 | NR | BIA |
| Franklin | AK | SWS | 183 | 0 | 100 | --- | 59 | 0 | 3 | 0 | 1 | 0 | 313K | ST |

- SWS – Southwest Area Forestry

**Predictive Services Discussion: Hot temperatures will continue across the West with widespread thunderstorms this week.** Isolated mainly dry thunderstorms will develop in California today, with lingering thunderstorm potential in central Arizona and Utah. Thunderstorms will spread into the Northwest, Great Basin, and across Arizona on Tuesday/Wednesday and become wetter. Wet thunderstorms will continue along the Continental Divide into Southeast Arizona. Offshore winds will develop today west of the Cascades in Washington and Oregon. Gusty winds will continue in portions of Southern California and the extreme southern Great Basin. Alaska will continue the threat for thunderstorms early this week, then transitions to cooler weather and showers by Wednesday.

6 Minutes FOR SAFETY

http://www.nifc.gov/sixminutes/dsp_sixminutes.php

**Topic of Choice**

**Fires and Acres Yesterday**

| AREA | | BIA | BLM | FWS | NPS | ST/OT | USFS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Alaska | FIRES | | | | | 1 | | 1 |
| | ACRES | | | | | 0 | | 0 |
| Northwest | FIRES | 2 | 0 | | | 15 | 7 | 24 |
| | ACRES | 10 | 3,980 | | | 209 | 2,700 | 6,899 |
| Northern California | FIRES | 2 | 1 | | 1 | 25 | 3 | 32 |
| | ACRES | 6 | 0 | | 0 | 38 | 266 | 310 |
| Southern California | FIRES | | 6 | | | 19 | 2 | 27 |
| | ACRES | | 4,520 | | | 5 | 0 | 4,525 |
| Northern Rockies | FIRES | 8 | 1 | | | 10 | 18 | 37 |
| | ACRES | 2 | 1 | | | 32 | 13 | 48 |
| Eastern Great Basin | FIRES | | 1 | | | 13 | 11 | 25 |
| | ACRES | | 100,810 | | | 16,162 | 19,618 | 136,590 |
| Western Great Basin | FIRES | | 0 | | | 1 | 1 | 2 |
| | ACRES | | 10,600 | | | 0 | 10 | 10,610 |
| Southwest | FIRES | 9 | | | | 1 | 28 | 38 |
| | ACRES | 38 | | | | 0 | 508 | 546 |
| Rocky Mountain | FIRES | 10 | 4 | | 1 | 5 | 15 | 35 |
| | ACRES | 6 | 4 | | 0 | 142 | 8 | 160 |
| Eastern Area | FIRES | | | | | 9 | | 9 |
| | ACRES | | | | | 74 | | 74 |
| Southern Area | FIRES | | | | | 14 | 1 | 15 |
| | ACRES | | | | | 170 | 1 | 171 |
| TOTAL | FIRES | 31 | 13 | 0 | 2 | 113 | 86 | 245 |
| | ACRES | 62 | 119,915 | 0 | 0 | 16,832 | 23,124 | 159,933 |

**Fires and Acres Year-to-Date**

| AREA | | BIA | BLM | FWS | NPS | ST/OT | USFS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Alaska | FIRES | 1 | 20 | 20 | 10 | 294 | 6 | 351 |
| | ACRES | 2 | 1,944 | 37,521 | 126 | 164,240 | 1 | 203,834 |
| Northwest | FIRES | 148 | 96 | 6 | 11 | 523 | 275 | 1,059 |
| | ACRES | 950 | 51,511 | 2 | 2 | 9,647 | 5,162 | 67,274 |
| Northern California | FIRES | 63 | 11 | 1 | 17 | 927 | 268 | 1,287 |
| | ACRES | 49 | 165 | 26 | 6 | 16,140 | 7,288 | 23,674 |
| Southern California | FIRES | 24 | 51 | 8 | 10 | 2,253 | 245 | 2,591 |
| | ACRES | 2,455 | 8,812 | 20 | 1,996 | 12,905 | 6,549 | 32,737 |
| Northern Rockies | FIRES | 716 | 9 | 13 | 3 | 331 | 134 | 1,206 |
| | ACRES | 8,683 | 84 | 333 | 1 | 12,996 | 4,980 | 27,077 |
| Eastern Great Basin | FIRES | 14 | 200 | 4 | 12 | 356 | 127 | 713 |
| | ACRES | 34 | 312,143 | 8 | 28 | 92,312 | 35,095 | 439,620 |
| Western Great Basin | FIRES | 3 | 158 | 2 | 17 | 102 | 28 | 310 |
| | ACRES | 310 | 65,850 | 38 | 3 | 11,721 | 4,017 | 81,939 |
| Southwest | FIRES | 534 | 111 | 8 | 40 | 597 | 693 | 1,983 |
| | ACRES | 5,905 | 1,745 | 1,540 | 592 | 33,715 | 32,865 | 76,362 |
| Rocky Mountain | FIRES | 491 | 199 | 10 | 20 | 247 | 198 | 1,165 |
| | ACRES | 1,270 | 2,449 | 463 | 309 | 10,457 | 4,456 | 19,404 |
| Eastern Area | FIRES | 418 | | 64 | 17 | 7,039 | 354 | 7,892 |
| | ACRES | 8,371 | | 1,365 | 450 | 114,236 | 38,811 | 163,233 |
| Southern Area | FIRES | 265 | | 89 | 49 | 29,791 | 756 | 30,950 |
| | ACRES | 13,788 | | 343,196 | 65,829 | 760,639 | 159,276 | 1,342,728 |
| TOTAL | FIRES | 2,677 | 855 | 225 | 206 | 42,460 | 3,084 | 49,507 |
| | ACRES | 41,817 | 444,703 | 384,512 | 69,342 | 1,239,008 | 298,500 | 2,477,882 |

| | |
|---|---|
| **Ten Year Average Fires** | **43,597** |
| **Ten Year Average Acres** | **2,113,279** |

***** Changes in some agency YTD acres reflect more accurate mapping or reporting adjustments. *****

## Prescribed Fires and Acres Yesterday

| AREA | | BIA | BLM | FWS | NPS | ST/OT | USFS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Alaska | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Northwest | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Northern California | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Southern California | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Northern Rockies | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Eastern Great Basin | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Western Great Basin | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Southwest | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Rocky Mountain | FIRES | | | | | 2 | | 2 |
| | ACRES | | | | | 0 | | 0 |
| Eastern Area | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Southern Area | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| TOTAL | FIRES | 0 | 0 | 0 | 0 | 2 | 0 | 2 |
| | ACRES | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

**Prescribed Fires and Acres Year-to-Date**

| AREA | | BIA | BLM | FWS | NPS | ST/OT | USFS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Alaska | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Northwest | FIRES | 21 | 60 | 17 | 3 | | 367 | 468 |
| | ACRES | 5,640 | 8,468 | 4,783 | 98 | | 32,664 | 51,653 |
| Northern California | FIRES | | 3 | 7 | 9 | 19 | 175 | 213 |
| | ACRES | | 175 | 19,974 | 14 | 2,674 | 11,412 | 34,249 |
| Southern California | FIRES | | 4 | 10 | 8 | 5 | 90 | 117 |
| | ACRES | | 180 | 3,011 | 378 | 57 | 9,512 | 13,138 |
| Northern Rockies | FIRES | 2 | 20 | 83 | 8 | 47 | 208 | 368 |
| | ACRES | 438 | 2,834 | 19,882 | 459 | 1,803 | 21,555 | 46,971 |
| Eastern Great Basin | FIRES | 4 | 19 | 6 | 3 | 13 | 55 | 100 |
| | ACRES | 164 | 3,241 | 802 | 427 | 3,249 | 16,543 | 24,426 |
| Western Great Basin | FIRES | | 8 | 5 | 3 | | 1 | 17 |
| | ACRES | | 3,439 | 1,415 | 5 | | 16 | 4,875 |
| Southwest | FIRES | 52 | 164 | 11 | 13 | | 166 | 406 |
| | ACRES | 9,353 | 14,608 | 2,876 | 1,400 | | 47,275 | 75,512 |
| Rocky Mountain | FIRES | 34 | 41 | 99 | 11 | 29 | 103 | 317 |
| | ACRES | 3,680 | 6,790 | 23,874 | 3,609 | 3,241 | 33,999 | 75,193 |
| Eastern Area | FIRES | 41 | | 323 | 31 | 1,352 | 142 | 1,889 |
| | ACRES | 15,716 | | 48,135 | 4,104 | 87,463 | 35,527 | 190,945 |
| Southern Area | FIRES | 20 | | 158 | 64 | 14,924 | 870 | 16,036 |
| | ACRES | 18,108 | | 53,122 | 51,893 | 948,977 | 876,026 | 1,948,126 |
| TOTAL | FIRES | 174 | 319 | 719 | 153 | 16,389 | 2,177 | 19,931 |
| | ACRES | 53,099 | 39,735 | 177,874 | 62,387 | 1,047,464 | 1,084,529 | 2,465,088 |

***** Changes in some agency YTD acres reflect more accurate mapping or reporting adjustments. *****

**WFU Fires and Acres Year-to-Date**

| AREA | | BIA | BLM | FWS | NPS | ST/OT | USFS | TOTAL |
|---|---|---|---|---|---|---|---|---|
| Alaska | FIRES | | 11 | 4 | 7 | 2 | | 24 |
| | ACRES | | 22,163 | 7,015 | 17,637 | 1 | | 46,816 |
| Northwest | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Northern California | FIRES | | | | | | 1 | 1 |
| | ACRES | | | | | | 0 | 0 |
| Southern California | FIRES | | | | 4 | | 1 | 5 |
| | ACRES | | | | 3 | | 85 | 88 |
| Northern Rockies | FIRES | | | | 1 | | 5 | 6 |
| | ACRES | | | | 1 | | 3,801 | 3,802 |
| Eastern Great Basin | FIRES | | | | 1 | | 5 | 6 |
| | ACRES | | | | 0 | | 878 | 878 |
| Western Great Basin | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Southwest | FIRES | | | | 3 | 1 | 19 | 23 |
| | ACRES | | | | 1 | 149 | 27,446 | 27,596 |
| Rocky Mountain | FIRES | | 4 | | | | 4 | 8 |
| | ACRES | | 90 | | | | 60 | 150 |
| Eastern Area | FIRES | | | | | | | 0 |
| | ACRES | | | | | | | 0 |
| Southern Area | FIRES | | | | 2 | | 1 | 3 |
| | ACRES | | | | 1,277 | | 3,481 | 4,758 |
| TOTAL | FIRES | 0 | 15 | 4 | 18 | 3 | 36 | 76 |
| | ACRES | 0 | 22,253 | 7,015 | 18,919 | 150 | 35,751 | 84,088 |

***** Changes in some agency YTD acres reflect more accurate mapping or reporting adjustments. *****

**Canada Fires and Hectares**

| PROVINCES | FIRES YESTERDAY | HECTARES YESTERDAY | FIRES YEAR-to-DATE | HECTARES YEAR-to-DATE |
|---|---|---|---|---|
| British Columbia | 7 | 120 | 385 | 10,620 |
| Yukon Territory | 5 | 759 | 69 | 20,875 |
| Alberta | 0 | 0 | 678 | 23,941 |
| Northwest Territory | 0 | 0 | 105 | 168,575 |
| Saskatchewan | 5 | 2 | 221 | 111,520 |
| Manitoba | 1 | 10 | 185 | 7,884 |
| Ontario | 6 | 2 | 468 | 35,261 |
| Quebec | 0 | 0 | 620 | 358,038 |
| Newfoundland | 0 | 0 | 63 | 1,637 |
| New Brunswick | 0 | 0 | 232 | 430 |
| Nova Scotia | 0 | 0 | 367 | 622 |
| Prince Edward Island | 0 | 0 | 6 | 18 |
| National Parks | 0 | 0 | 20 | 186,199 |
| Total | 24 | 892 | 3,419 | 925,620 |

***** National Interagency Coordination Center *****